DOMINICK L. GIANGRASSO, APPELLANT, v. JULIA K. SCHIMMEL ET AL., APPELLEES.

207 N. W. 2d 517

Filed May 11, 1973. No. 38730.

Thomas Kelley and Michael Kelley, for appellant.

Fitzgerald, Brown, Leahy, McGill & Strom, William J. Brennan, Jr., and C. L. Robinson, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The jury in a personal injury action was unable to reach a verdict; consequently, the court declared a mistrial. After a proper motion for judgment in favor of defendant Julia K. Schimmel, the court in response entered a judgment notwithstanding the verdict. Plaintiff appeals. His assignments of error relate to sufficiency of the evidence and to the entry of judgment notwithstanding the verdict.

The evidence is meager. Plaintiff walked out of the Blackstone Hotel in Omaha on October 30, 1964, at noon. To reach his automobile parked in the hotel lot, he proceeded on a sidewalk to a place near the parking attendant's booth. The booth was located in the middle of the hotel driveway. While plaintiff was crossing the driveway, as it was necessary for him to do, an automobile moving in the direction of the lot struck him from behind. Plaintiff was knocked to the ground in a dazed condition. The plaintiff testified that Julia approached him, said she was sorry she had hit him, and asked whether he desired to see Mr. Schimmel. Plaintiff answered, "Forget about it." He had seen no car approaching the parking lot. No other evidence tends to raise an issue of fact of negligence on the part of Julia.

The question is whether Julia's statement was an ad-

mission, plaintiff arguing that Julia apologized. The word "sorry" was once a verb meaning "(t)o grieve, to sorrow; to provide for." The adjective "sorryish" meant "(s)omewhat sorry." II Oxford English Dictionary, p. 2925 (Comp. Ed., 1971). Today it is an adjective defined as follows: "1. Feeling or expressing sympathy, pity, or regret; sorrowful. Often used to express apology . . . 3. Causing sorrow, grief, or misfortune; grievous; sad . . . ." American Heritage Dictionary, p. 1233 (1969). "1: grieved or grieving over the loss of some good . . . : feeling sorrow, regret, or penitence . . . - often used interjectionally to express polite regret . . . ." Webster's Third New International Dictionary, p. 2175 (Unabr. Ed., 1961). "1. Feeling pity, regret, sympathy, etc; sad . . . 2. wretched; poor; pitiful . . . 3. painful; distressing . . . . Syn. 1. distressed, sorrowful." 2 World Book Dictionary, p. 1975 (1972). See, also, Random House Dictionary, p. 1358 (Unabr. Ed., 1966). "6. (used interjectionally as a conventional apology or expression of regret)." id.

Admissions of a party are received as substantive evidence of the facts admitted. McCormick on Evidence, 629 (2d Ed., 1972). See, also, Anderson v. Nincehelser, 152 Neb. 857, 43 N. W. 2d 182 (1950). The word "sorry" in conjunction with other language or circumstances may constitute an admission, denoting apology. Standing alone, it is not an admission of negligence; it may mean regret, not apology. The statement was not an admission of negligence, and the evidence would have been insufficient to support a verdict for plaintiff.

Julia at the conclusion of all the evidence had moved for a directed verdict on the ground of absence of negligence. After the mistrial and discharge of the jury she timely moved for judgment or in the alternative for dismissal of plaintiff's petition in accordance with her motions made at the close of all the evidence. The court sustained the motion of Julia for "judgment not-

withstanding the verdict" and dismissed plaintiff's action with prejudice.

The motions of Julia were proper. See § 25-1315.02, R. R. S. 1943. It is true that all orders must specify clearly the relief granted or order made in the action, but harmless error is not reversible. See §§ 25-853 and 25-1318, R. R. S. 1943. The phrase "notwithstanding the verdict" in the judgment was harmless error.

The judgment is affirmed.

AFFIRMED.